IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY WARGO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-7556 |
| | ) | |
| v. | ) | |
| | ) | |
| CRESCO LABS, LLC, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES Plaintiff, KELLY WARGO, by and through her counsel, Jeffrey Law Office, LLC, and complains of Defendant CRESCO LABS, LLC, and states as follows:

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**JURISDICTION & VENUE**

1. This action is brought under Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. seq., and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant has its principal place of operation and is domiciled in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired and employed by Defendant, Cresco Labs, LLC, in this District until her discriminatory and retaliatory constructive termination on or about January 22, 2024.

1

**PARTIES**

3. Plaintiff, KELLY WARGO, is and was at all times relevant to this Complaint an adult female resident of DuPage County and Roselle, Illinois. At all times relevant, Plaintiff was employed by Defendant Cresco Labs, LLC, in the most recent capacity as Wellness Advisor. Plaintiff was harmed by Defendant in this District.

4. Defendant Cresco Labs, LLC ("Defendant"), is a company duly authorized and doing business in Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq.* Defendant hired, employed, and constructively terminated Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under the Americans with Disabilities Act.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5. On or about June 26, 2024, Plaintiff timely filed a Charge of Discrimination alleging ADA disability discrimination and failure to accommodate charges with the Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 440-2024-02962.

6. On November 13, 2024, Plaintiff Amended her Charge of Discrimination, adding retaliation and constructive discharge charges.

7. On April 8, 2025, the EEOC issued Plaintiff a Notice of Right to Sue to bring her claims.

8. Therefore, Plaintiff's Complaint is filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

**UNDERLYING FACTS COMMON TO ALL COUNTS**

9. Plaintiff has a disability as defined under the ADA. Defendant was apprised of Plaintiff's disability.

10. In or about September 2021, Plaintiff was hired by Defendant. Plaintiff remained an employee of Defendant, most recently as Wellness Advisor, until she was constructively discharged on January 22, 2024.

11. At all times relevant to this Complaint, and since being hired by Defendant, Plaintiff was qualified to perform her job and satisfactorily performed her duties and responsibilities within Defendant legitimate expectations.

12. Due to Defendant not willing to effectively accommodate Plaintiff's reasonable accommodations regarding scheduling, on or about February 19, 2023, Plaintiff took a disability leave. During this time she was under the care of a doctor for her disability.

13. Nevertheless, upon her attempted return, in September, she was not only met with discrimination and retaliatory acts but was again refused reasonable accommodations.

14. Defendant's retaliatory acts continued and increased, creating a hostile work environment.

15. Therefore, on or about January, 22, 2024, Plaintiff resigned as she could no longer endure the treatment she suffered at the hands of the Defendant.

16. Plaintiff was discriminated against because of her disability and ultimately retaliated against for participating in a protected activity requesting accommodation for her disability.

17. Because of her disability, Plaintiff was subjected to disparate treatment and discriminatory acts (including termination), with malice and with reckless indifference, by Defendant. Such acts caused Plaintiff harm, including mental anguish.

18. And in retaliation for exercising a protected right, Plaintiff was subjected to discriminatory and retaliatory acts (including termination), with malice and with reckless indifference, by Defendant. Such acts caused Plaintiff harm, including mental anguish.

**COUNT I — DISCRIMINATION / FAILURE TO ACCOMMODATE
AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et. seq.**

19. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

20. Defendant is an employer, as defined by the ADA.

21. Plaintiff has been diagnosed with a disability protected by the ADA.

22. Plaintiff satisfied the prerequisites of, and was qualified to perform the essential functions of, her job as a Wellness Advisor with or without reasonable accommodation.

23. The ADA prohibits discrimination against a qualified individual with a disability because of the disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. See 42 U.S.C. § 12112(a).

24. Nevertheless, Defendant discriminated against Plaintiff because she suffered from a disability.

25. Similarly situated employees without a disability were treated more favorably by Defendant.

26. Therefore, Plaintiff suffered an adverse employment action by Defendant because of her disability.

4

27. Defendant's discrimination constitutes unlawful discrimination in direct violation of ADA.

WHEREFORE, Plaintiff, KELLY WARGO, respectfully requests that this Court enter judgment in her favor and against the Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated ADA;

B. Grant an injunction against the Defendant from violating ADA and to protect other employees with disabilities from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost and reinstating her to the position she previously held;

D. Order the Defendant to pay the Plaintiff compensatory and punitive damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

### COUNT II – RETALIATION
### AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et. seq.

28. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

29. It is unlawful and a civil rights violation for an employer to retaliate against an employee because the employee has opposed that which they reasonably and in good faith believes to be unlawful discrimination, for reporting discrimination, opposing an employer's discriminatory practices or because the employee has made a charge, filed a complaint or participated in an investigation or legal action related to discrimination under ADA.

30. Plaintiff had engaged in a protected activity under ADA after having reported her disability and requested accommodations.

31. Plaintiff sought to protect herself against the unlawful discrimination based upon having previously reported the disability and requested accommodations.

32. Defendant's decision to discriminate against Plaintiff was motivated by an intent to retaliate against her because of her protected class and conduct.

33. Defendant would not have discriminated against Plaintiff had he not previously engaged in protected activity and everything else being the same.

34. Other Defendant employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against based upon engaging in the same protected activities. This unlawful discrimination and treatment of Plaintiff directly impacted her terms and conditions of employment with Defendant.

35. As a direct and proximate result of Defendant's violations on the basis of retaliation, a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages.

36. Defendant's discrimination constitutes unlawful discrimination in direct violation of ADA.

WHEREFORE, Plaintiff, KELLY WARGO, respectfully requests that this Court enter judgment in her favor and against the Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated ADA;

B. Grant an injunction against the Defendant from violating ADA and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost and reinstating her to the position she previously held;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT III – CONSTRUCTIVE DISCHARGE
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

37. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

38. It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race.

39. Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff.

40. The conditions created by Defendant were so extreme Plaintiff was forced to resign on January 22, 2024.

41. Defendant's decision to discriminate against Plaintiff was solely motivated by the fact that she participated in a protected activity.

42. Defendant would not have discriminated and constructively discharged Plaintiff had she not participated in a protected activity.

7

43. Other Defendant employees subjected to the same to the same work environment, policies, procedures, and guidelines as Plaintiff were not harassed or constructively discharged or terminated in relation for participating in a protected activity. This constructive discharge of Plaintiff directly impacted her terms and conditions of employment with Defendant.

44. Defendant's constructive discharge of Plaintiff constitutes unlawful discrimination in direct violation of Title VII.

45. As a direct and proximate result of Defendant's unlawful and willful violations on the basis of constructive discharge, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, KELLY WARGO, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost and reinstating her to the position she previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

Dated:  July 6, 2025

                                                 /s    Antonio L. Jeffrey
                                                      Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey
1301 W. 22nd Street, Suite 308
Oak Brook, Illinois 60523
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com